IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA NOLL,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civil No. 1:25-CV-2227<br><br><br><br><br>: (Chief Magistrate Judge Bloom) |

MEMORANDUM OPINION

## I. Introduction

Jessica Noll filed an application under Titles II and XVI of the Social Security Act for disability insurance benefits and supplemental security income on August 15, 2022. Following a hearing before an Administrative Law Judge ("ALJ"), during which the plaintiff withdrew her Title II claim, the ALJ found that Noll was not disabled from her application date through December 13, 2024, the date of the ALJ's decision.[1]

Noll now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and

[1] Tr. 40-66.

mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[2] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Noll filed for supplemental security income, alleging disability due to diabetes, a right foot amputation, a left toe amputation, anxiety, and depression.[3] Noll was 37 years old at the time of her application, had at least a high school education, and had no past relevant work.[4]

An ALJ held a hearing on Noll's disability application on September 24, 2024.[5] Noll and a Vocational Expert ("VE") both appeared and testified at this hearing.[6] Following this hearing, on December 13, 2024, the ALJ issued a decision denying the plaintiff's application for disability

---

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[3] Tr. 104.
[4] Tr. 59.
[5] Tr. 67-95.
[6] *Id.*

benefits.[7] The ALJ first concluded that Noll had not engaged in substantial gainful activity since her application date.[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from the following severe impairments: right below-the-knee amputation; left third toe amputation; diabetes mellitus; neuropathy; depression; and anxiety.[9] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[10]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of sedentary work with additional limitations, including the use of a cane and certain postural and environmental limitations.[11] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[12] Ultimately, the ALJ concluded that the plaintiff

[7] Tr. 40-66.
[8] Tr. 46.
[9] *Id.*
[10] Tr. 46-49.
[11] Tr. 49.
[12] Tr. 49-59.

was not as limited as she alleged. Having made these findings, the ALJ found at Step 4 that Noll had no relevant past work but found at Step 5 that she could perform the occupations of a polisher, table worker, and documents preparer.[13] Accordingly, the ALJ found that Noll had not met the stringent standard prescribed for disability benefits and denied her claim.[14]

This appeal followed.[15] On appeal, Noll argues that the ALJ erred in her consideration of the medical opinion evidence, in finding that Noll did not meet a listing, and in failing to acquire additional evidence regarding the documents preparer job identified at Step 5.[16] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

---

[13] Tr. 59-60.
[14] Tr. 60-61.
[15] Doc. 1.
[16] Doc. 13.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[17] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[19] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[20]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[21]

---

[17] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[18] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[20] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[21] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[22] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[23] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[24]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[25] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became

[22] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[23] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[24] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[25] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).

disabled prior to the date on which he or she was last insured.[26] In making a disability determination, the ALJ follows a five-step evaluation.[27] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[28]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[29] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[30] Our review of

---

[26] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[27] 20 C.F.R. §§404.1520(a), 416.920(a).
[28] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[29] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[30] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[31]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[32] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[33]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or

[31] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[32] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[33] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

contradict a medical opinion.[34] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[35] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[36] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[37]

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[38] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[39] Further, the ALJ can credit parts of an opinion without giving

[34] 20 C.F.R. § 404.1520c(c).
[35] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[36] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[37] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[38] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[39] *Mason*, 994 F.2d at 1066.

credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[40] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[41]

C. Step 3 Analysis

At Step 3 of this sequential analysis, the ALJ is required to determine whether a claimant's impairments or combination of impairments are so severe that they are *per se* disabling, entitling the claimant to benefits. As part of this analysis, the ALJ must determine whether a claimant's alleged impairment is equivalent to one or more listed impairments, commonly referred to as listings, that are acknowledged to be so severe as to preclude the claimant from working.[42]

---

[40] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
[41] *Cummings*, 129 F. Supp. 3d at 214–15.
[42] 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. P, App. 1; *Burnett*, 220 F.3d 112, 119.

Thus, if a claimant's impairment meets or equals one of the listed impairments, the claimant is considered *per se* disabled and is awarded benefits.[43] The claimant bears the burden of presenting "medical findings equivalent in severity to *all* the criteria for the one most similar impairment."[44] An impairment that meets or equals only some of the criteria for a listed impairment will not be sufficient.[45]

While a claimant must present medical evidence or a medical opinion showing that his or her impairment meets or equals a listing, the ALJ is not required to accept a physician's opinion if the opinion is not supported by objective medical evidence.[46] The ALJ is responsible for identifying the relevant listed impairments, given that it is "the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."[47]

---

[43] 20 C.F.R. §416.920(d); *Burnett*, 220 F.3d at 119.
[44] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (citing 20 C.F.R. §416.920(d); SSR 83-19 at 91).
[45] *Id.*
[46] *See Schwartz v. Halter*, 134 F. Supp. 2d 640, 659 (E.D. Pa. 2001).
[47] *Burnett*, 220 F.3d at 120 n.2.

D. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record.[48] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Noll first argues that the ALJ failed to properly consider the opinion evidence. Specifically, with respect to her physical impairments, Noll contends that the ALJ improperly rejected the opinions of the consultative examining providers, Dr. Monfared and Certified Registered Nurse Practitioner ("CRNP") Cywinski, who opined that Noll required a wheelchair, walker, two canes, or two crutches to ambulate.[49] She also argues that the ALJ improperly considered the consultative opinion of Dr. Havel, who found moderate limitations in Noll's mental functioning relating to simple work.[50] We find these arguments unavailing.

---

[48] *Biestek*, 139 S. Ct. at 1154.
[49] Doc. 14 at 8-11.
[50] *Id.* at 11-12.

First, with respect to the physical consultative examining opinions, the ALJ considered Dr. Monfared's opinion and found it partially persuasive.[51] The ALJ specifically addressed Dr. Monfared's limitation that Noll required the use of a wheelchair, walker, two canes, or two crutches and found this limitation unpersuasive based on medical records indicating that Noll used a prosthesis and a cane.[52] The ALJ also cited medical records during the relevant period that contained examination findings that were inconsistent with such a limitation.[53] Additionally, and significantly, the ALJ also noted Noll's testimony from the September 2024 hearing that she typically used a cane and her prosthesis.[54]

In a similar vein, the ALJ also considered CRNP Cywinski's opinion, which contained the same limitation regarding the use of assistive devices, and found it unpersuasive.[55] The ALJ reasoned that CRNP Cywinski's limitations were not supported by her own

[51] Tr. 56.
[52] *Id.* (citing Tr. 1242-59).
[53] *Id.* (citing Tr. 455-58, 490, 574, 1261-62).
[54] Tr. 50-51, 78-79.
[55] Tr. 56-57.

examination of the plaintiff, nor were they consistent with the other medical evidence of record.[56] Significantly, while CRNP Cywinski opined that Noll required the use of a wheelchair, walker, two canes, or two crutches for ambulation, Noll presented to the consultative examination using her prosthesis and a cane.[57] And as we have explained, the ALJ also cited Noll's testimony that she used a cane and prosthesis for ambulation.[58] Accordingly, we conclude that the ALJ did not "cherry pick" evidence and rely on his own lay opinion to discount this limitation by these providers. Rather, the medical record contained contrary examination findings, as well as the plaintiff's own testimony, and the ALJ relied on this evidence to conclude that this limitation was not credibly established. Accordingly, we find no error with the ALJ's consideration of these medical opinions.

We reach a similar conclusion with respect to the ALJ's consideration of Dr. Havel's opinion. The ALJ found Dr. Havel's opinion unpersuasive, reasoning that his finding of a moderate limitation

---

[56] *Id.*
[57] Tr. 56, 1242-44.
[58] Tr. 56-57, 78-79.

regarding Noll's ability to perform simple work was not consistent with the longitudinal record showing that Noll was able to perform self-care tasks and household chores, shop in stores, and manage her money.[59] Instead, the ALJ relied on the state agency consulting physicians who found only a mild limitation in this area, reasoning that these opinions were supported by the physicians' review of Noll's records and her reported activities of daily living.[60] Thus, the ALJ's decision adequately explained why he found the state agency consulting opinions more persuasive than Dr. Havel's opinion, citing to evidence in the medical record to support his conclusions. We find no error with the treatment of this opinion evidence.

Noll also argues that the ALJ erred in concluding that she did not meet Listings 1.20D or 9.00.[61] We first note that Noll's argument regarding Listing 1.20D, concerning amputations, is entirely based on her assertion that the ALJ failed to credit the medical opinion evidence

---

[59] Tr. 58.
[60] Tr. 57-58.
[61] Doc. 13 at 13-15.

regarding her need for a wheelchair, walker, two canes, or two crutches.[62] But we have already explained that the ALJ adequately explained why he failed to include this limitation, finding that it was not supported by the medical evidence and Noll's own testimony. The ALJ similarly discussed his reasoning in his consideration of Listing 1.20D.[63] Accordingly, this argument is entirely unpersuasive.

Regarding Listing 9.00, concerning diabetes, Noll argues that the ALJ failed to adequately consider this listing when he cited her noncompliance with diabetes treatment.[64] But this argument is entirely undeveloped. A plaintiff asserting she meets Listing 9.00 must show that her endocrine disorder, such as diabetes, meets or medically equals the criteria of a listing for another body system.[65] Here, Noll merely asserts that, had the record been more developed with respect to Noll's noncompliance with treatment, Noll "likely meet[s] Listing 9.00[.]"[66] The burden lies with the plaintiff to prove disability at Step 3, and Noll has

[62] *Id.* at 14.
[63] Tr. 46.
[64] Doc. 13 at 14-15.
[65] *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 9.00(B)(5).
[66] Doc. 13 at 15.

not provided any evidence that she meets a Listing.[67] Accordingly, this argument is unavailing and does not require a remand.

Noll's final argument asserts that the ALJ erred at Step 5 by relying on the occupation of documents preparer, which she contends is obsolete, relying on Social Security Emergency Message ("EM") 24027 REV.[68] But we conclude that the ALJ's decision complied with the guidance set forth in EM-24027 REV. This emergency message instructs that ALJs may not rely on certain jobs at Step 5 for a finding of "not disabled" without additional VE evidence describing the occupation as it is currently performed.[69] If the ALJ intends to rely on jobs identified in the EM, the ALJ must solicit additional testimony from the VE to establish that, "as the occupation is currently performed: [i]ts requirements are consistent with the individual's RFC, and [i]t exists in the national economy in

---

[67] *Sullivan*, 493 U.S. at 531 (citing 20 C.F.R. § 416.920(d); SSR 83-19 at 91).
[68] Emergency Message 24027 REV ("EM-24027 REV") https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed October 14, 2026).
[69] EM-24027 REV.

numbers that alone, or in combination with work in other cited occupations, are significant."[70]

Here, the ALJ did, in fact, solicit additional testimony from the VE regarding how the occupation of documents preparer is performed currently.[71] The ALJ then explicitly referenced this additional testimony at Step 5 when concluding there were sufficient jobs in the national economy that the plaintiff could perform.[72] Contrary to the plaintiff's assertion that the ALJ was required to obtain additional testimony, courts have found in similar circumstances that a VE's experience is a sufficient basis on which an ALJ may rely in determining whether these jobs, as currently performed, permit a finding of "not disabled" at Step 5.[73] Accordingly, we conclude that the ALJ in this case complied with EM-24027 REV, and a remand is not warranted

In sum, we find that the ALJ considered all the evidence and adequately explained the decision to include or discount certain

---

[70] *Id.*
[71] Tr. 94.
[72] Tr. 60.
[73] *See e.g.*, *Rose v. Bisignano*, 2026 WL 540781, at *2-3 (E.D.N.C. Feb. 26, 2026) (finding reliance on VE testimony, including the VE's experience,

limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 16th day of October 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

sufficient to comply with EM-24027 Rev); *Tester-Kopec v. Comm'r of Soc. Sec.*, 2025 WL 3628110, at *9-10 (N.D. Oh. Dec. 15, 2025) (same). *But see Julia K. v. Comm'r of Soc. Sec.*, 2024 WL 3760344, at *3-4 (E.D.N.Y. Aug. 9, 2024) (finding the VE testimony insufficient to show that the number of document preparer positions, as currently performed, equates to those under the DOT).